## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **BENJAMIN L. STITH,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:23CV00140 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **R. YOUNCE, WARDEN,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondent. | ) | |

*Benjamin L. Stith, Pro Se Petitioner.*

The petitioner, Benjamin L. Stith, a Virginia inmate proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his confinement under a judgment entered against him in in 2004. Upon review of the record, I conclude that the petition must be summarily dismissed as untimely filed under 28 U.S.C. § 2244(d).[1]

### I.

The petition and court records online indicate that Stith pleaded guilty (or nolo contrendere) in the Roanoke County, Virginia, Circuit Court to multiple charges, including robbery and several counts of abduction. The court sentenced him to 98 years in prison on October 28, 2004. Stith did not appeal. On April 13,

---

[1] Under Rule 4 of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

2006, he filed a pro se habeas petition in state court.  That petition was dismissed without a hearing on June 15, 2006.  Stith denies filing any other court action related to these convictions.

Stith alleges that the charges against him were wrongfully "stack[ed]," Pet. 3, ECF No. 1, because he had multiple charges for abduction although all victims were restrained at the same time and place during one robbery.  As grounds for relief, Stith cites the First Step Act of 2018, arguing that its clarification of the offenses defined in 18 U.S.C. § 924(c) provides a basis for Stith to receive a sentence reduction for his crimes under state law.  He also apparently moves for compassionate release under the First Step Act and 18 U.S.C. § 3582.  He admits in the petition that he has not exhausted his state court remedies on these claims, although he claims to have exhausted administrative remedies.  This court notified Stith that his petition appeared to be untimely filed and granted him an opportunity to provide any additional evidence or argument on that issue, and Stith has responded.

## II.

Habeas petitions filed under § 2254 are subject to a one-year statute of limitations.  28 U.S.C. § 2244(d)(1).  Generally, this period begins to run from the date on which the judgment of conviction becomes final — when the availability of direct review is exhausted.  28 U.S.C. § 2244(d)(1)(A).  If the district court

gives the petitioner notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite showing, the district court may summarily dismiss the petition. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

I will calculate the timeliness of Stith's petition under 28 U.S.C. § 2244(d)(1)(A), using the date of the circuit court's judgment of conviction that he provides of October 28, 2004. From that date, Stith had thirty days to note an appeal to the Court of Appeals of Virginia. Va. Code Ann. § 8.01-675.3. When he did not pursue an appeal by November 29, 2005, his conviction became final for purposes of § 2244(d)(1)(A), and his one-year period to file a § 2254 petition began to run. The filing period expired on November 29, 2005. Stith did not file his § 2254 petition until March 1, 2023,[2] nearly eighteen years after his filing period ended. Thus, the petition is untimely under § 2244(d)(1)(A).

The federal filing period is tolled while any properly filed state post-conviction proceeding is pending, pursuant to 28 U.S.C. § 2244(d)(2). But Stith fails to meet its tolling requirements. Stith filed his state habeas petition in the Circuit Court on April 13, 2006. Even assuming this petition was properly filed

---

[2] For purposes of this Opinion, I will consider the petition to have been filed as of the date appearing beside the signature line and assume without finding that Stith also properly delivered it to prison officials on that date for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

under state procedural rules, he filed that petition only *after* the federal filing period expired in November 2005.  Therefore, pendency of the state petition could not toll the running of that filing period.  Moreover, the state court denied that petition on June 15, 2006, and Stith waited more than sixteen years to file his federal petition.

Stith also does not state any facts suggesting that he is entitled to statutory tolling of the limitation period under subsections § 2244(d)(1)(B), (C), or (D), to start the one-year filing period later if he raised a claim based on new Supreme Court precedent, elimination of a constitutional impediment, or newly discovered facts.  Stith does rely on a federal law enacted long after he was sentenced — the First Step Act.  This law and its provisions, however, do not apply to state prisoners and do not trigger a later filing period for Stith's federal habeas petition.  Thus, I cannot find that any statute provides grounds tolling the limitation period to render Stith's petition timely filed.

Therefore, I may address the merits of Stith's claims only if he demonstrates grounds for equitable tolling of the limitation period.  Equitable tolling is available in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party." *Rouse v. Lee*, 339 F .3d 238, 246 (4th Cir. 2003) (internal quotation marks and citation omitted).  A petitioner is "entitled to *equitable* tolling" only if he

shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). When the failure to file a timely petition is a result of petitioner's own negligence or lack of diligence, equitable tolling is not appropriate. *Id.* at 419. Stith fails to state facts on which he could be entitled to equitable tolling of the federal statutory filing period.

Using the dates on the face of Stith's petition and available online, I conclude that his petition was not timely filed under any subsection of § 2244(d)(1). Moreover, Stith has not demonstrated that he is entitled to equitable tolling of the statutory filing period. Therefore, I will summarily dismiss his § 2254 petition as untimely.

A separate Final Order will be entered herewith.

DATED:  July 25, 2023

/s/  JAMES P. JONES
Senior United States District Judge